IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANI LINDHOLM,<br><br>               Plaintiff,<br><br>    vs.<br><br>THE HOME DEPOT, INC.; HOME DEPOT U.S.A., INC; and DOES 1 through 50 inclusive,<br><br>             Defendants. | CASE: 1:16–CV–01821–DWM<br><br>**ORDER SETTING MANDATORY STATUS CONFERENCE**<br><br>**DATE:** June 20, 2017<br>**TIME:** 9:30 a.m. (Pacific)<br>**LOCATION:** Telephonic |

This case having been reassigned,

**IT IS ORDERED:**

1. Pursuant to Fed. R. Civ. P. 16, lead trial counsel for the respective parties shall appear telephonically before United States District Judge Donald W. Molloy on **June 20, 2017, at 9:30 a.m. (Pacific)**, for the purpose of participating in a status conference. The conference is intended to update the Court on the status of the case and clarify the remaining issues. A separate email will be sent to counsel of record providing the call-in information for the Court's conference line. Counsel should prepare to take part in meaningful discussions of the material discussed below.

1

2. Each party to the case must be represented at the status conference by at least one person with authority to enter stipulations. L.R. 240. The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible. Pursuant to Rule 1, the lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding.

3. If it is impossible for lead trial counsel to attend the status conference at the above time, application for an extension of time must be made by motion to the Court no fewer than five (5) days before the conference. The motion must certify that opposing counsel has been contacted concerning the extension and state whether opposing counsel objects. Requests to change the conference date will not be granted absent a demonstrated showing of good cause.

4. On or before **June 15, 2017,** counsel for the respective parties shall each file a pretrial statement. *See* Fed. R. Civ. P. 16(c)(2), 26(a)(1). The statement shall include a brief factual outline of the case and address the following:

    (a)    the basis for jurisdiction, primarily in light of *Valdez v. Allstate Insurance Co.*, 372 F.3d 1115 (9th Cir. 2004);

    (b)    the factual basis for each claim or defense advanced by the party—if no such factual basis is provided, claims or defenses may be stricken from the pleadings;

    (c)    the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;

    (d)    a computation of damages;

    (e)    the identification of controlling issues of law suitable for pretrial disposition; and

    (f)    the status of any settlement discussions and prospects for compromise of the case.

5. On or before **June 15, 2017**, Plaintiff shall separately file a Statement of Stipulated Facts to which all parties agree. The parties shall make a good faith effort to narrow the factual disputes in the case.

6. Should counsel or a party appearing *pro se* fail to appear at the

Mandatory Status Conference, or fail to comply with the directions set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

DATED this 8th day of June, 2017.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT